UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD REYNOLDS                                     CIVIL ACTION

VERSUS                                                      NO. 16-342

JAMES LEBLANC                                     SECTION "R" (5)


## ORDER AND REASONS

Before the Court is Ronald Reynolds' motion[1] to alter or amend the
Court's September 12, 2016 judgment[2] pursuant to Federal Rule of Civil
Procedure 59(e).  For the following reasons, Reynolds' motion is denied.


## I.   BACKGROUND

Reynolds is a state prisoner incarcerated in the Louisiana State
Penitentiary in Angola, Louisiana.   On April 20, 1993, Reynolds was
convicted by a jury of second-degree murder for a crime he committed when
he was seventeen (17) years old.[3]  Reynolds was sentenced to mandatory life
imprisonment without the possibility of parole.[4]  After the Supreme Court
decided in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), that mandatory life

---

[1]    R. Doc. 28.
[2]    R. Doc. 27.
[3]    R. Doc. 18 at 1.
[4]    *Id.*

without parole for juvenile offenders was unconstitutional, Reynolds filed a petition for *habeas corpus*.[5]  Once the Supreme Court held in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), that *Miller* was retroactive, Magistrate Judge North recommended that Reynolds' *habeas* petition be granted.[6]  The Court adopted Magistrate Judge North's recommendation as its opinion and granted Reynolds' petition.[7]  The Court also ordered that Reynolds be resentenced in conformity with *Miller* within one-hundred twenty (120) days of the Court's judgment.[8]

Nine days later, on September 23, 2016, Reynolds filed this motion seeking to alter and amend the Court's judgment.[9]

## II.    DISCUSSION

Though Reynolds captions his motion as a motion to alter and amend the Court's judgment under Rule 59(e), his motion is essentially an objection to the Magistrate's Report and Recommendation which this Court adopted as its opinion.[10]   Reynolds argues that the Magistrate's Report and

---

[5]    R. Doc. 4.
[6]    R. Doc. 18.
[7]    R. Doc. 26.
[8]    *Id.*
[9]    R. Doc. 28
[10]   *Id.* at 4.

Recommendation is "a manifest error of law" because it did not respond to Reynolds' arguments that allowing the State of Louisiana to potentially resentence Reynolds to a sentence that was not available at the time of his crime would violate the Due Process Clause and the Ex Post Facto Clause.[11]

The Magistrate Judge's Report and Recommendation is clear that failure to object to the Report and Recommendation within fourteen (14) days will bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to findings of fact or conclusions of law.[12]  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*,  79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).[13]  Reynolds did not file any objection to the Magistrate Judge's Report and Recommendation, so any objection to the report is waived unless Reynolds can establish that the Magistrate committed plain error.

Reynolds' motion fails to establish that the Magistrate Judge committed plain error, or any error for that matter.  Reynolds' argument is that the new sentence *he may* receive from the State of Louisiana would *possibly* be unconstitutional.  Therefore, Reynolds argues the Magistrate

---

[11]     *Id.* at 6, 9-10.
[12]     R. Doc. 18 at 13.
[13]     *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 209, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

(and this Court) committed plain error by not determining the constitutionality of a sentence that had not yet been imposed. But this cannot be plain error because it is no error at all. In fact, it would be erroneous for the Magistrate to opine on the constitutionality of any potential sentence not yet imposed because the issue would not be ripe for adjudication. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated.") (internal quotation omitted); *United States v. Magana*, 837 F.3d 457, 458-59 (5th Cir. 2016) (finding defendant's challenge to portion of sentence not ripe for review because challenged portion was contingent on future events). Because Reynolds did not timely file an objection to the Magistrate's Report and Recommendation and because Reynolds has failed to establish that the Report and Recommendation was plainly erroneous, Reynolds has waived his objection and the objection must be dismissed with prejudice.

Further, to the extent that Reynolds' motion should be considered as a collateral attack on his new state sentence, this would clearly be not ripe. The record does not indicate that Reynolds has been resentenced, and any challenge Reynolds has to that sentence can be adequately addressed after the sentence is imposed through the proper channels. Because the Court

does not have jurisdiction to consider challenges that are not ripe for review, *see, e.g.*, *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), any argument that Reynolds' future resentencing is unconstitutional must be denied for lack of jurisdiction.  *See Magana*, 837 F.3d at 460.

## III.   CONCLUSION

For the foregoing reasons, Reynolds' Rule 59(e) motion is DENIED WITH PREJUDICE.  To the extent that Reynolds seeks to collaterally attack his future resentencing, this is DENIED WITHOUT PREJUDICE.


New Orleans, Louisiana, this ___6th___ day of January, 2017.


_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE